UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KANISHA A. JIMISON**                     **CIVIL ACTION**

**VERSUS**                                 **NUMBER 07-370-RET-DLD**

**STATE OF LOUISIANA DEPARTMENT OF EDUCATION SPECIAL SCHOOL DISTRICT**

## REPORT AND RECOMMENDATION

This matter is before the court on referral from the District Judge for a report and recommendation on defendant's motion to dismiss amended complaint, or in the alternative, motion for more definite statement (rec. doc. 15).  The motion is opposed (rec. doc. 20).

This is defendant's second motion to dismiss, or in the alternative, motion for more definite statement.  Defendant's first motion was dismissed as moot based on plaintiff's supplemental and amended complaint, which was filed subsequent to and addressed all of the concerns raised in defendant's motion to dismiss (rec. docs. 11 and 17).  Also pending in this matter is defendant's motion for summary judgment on plaintiff's claims (rec. doc. 24).

In its motion to dismiss amended complaint, or in the alternative, motion for more definite statement, defendant argues that the complaint fails to state a claim upon which relief can be granted because plaintiff fails to identify the legal basis of her claims and fails to plead specific facts in the amended complaint that would support a claim for discrimination, hostile work environment, or retaliation (rec. doc. 16). Defendant is concerned that without any indication as to the basic facts of plaintiff's claims, it will not be

able to identify the individuals likely to have information relevant to plaintiff's claims, identify which documents in its possession, custody, or control, are related to plaintiff's claims, or determine whether (or what type) of expert is necessary. Id.  Among other things, defendant argues that plaintiff's allegations that she was forced to performed "unspecified" work that the Caucasian co-employee was unable to perform is insufficient to support a claim for discrimination. Id.  Defendant argues that plaintiff fails to "present evidence" of a complaint to her employer alleging race-based discrimination, which is required to prevail on a claim for retaliation.  Id.  Finally, defendant claims that based on the time-line established by the allegations in plaintiff's complaint, plaintiff fails to prove that the protected conduct caused her termination.

Federal Rules of Civil Procedure Rule 12(b)(6) allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." However, a Fed. R. Civ. P.12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is viewed with disfavor and should rarely be granted.  *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

A Rule 12(b)(6) motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts.  *Negron v. Miller*, 2003 WL 21251874, *1 (E.D. La. 2003), *citing Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001), cert. denied, 536 U.S. 960, 122 S.Ct. 2665, 152 L.Ed. 839 (2002).  On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court also "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, at 2200; *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, at 1965.

Also, any Fed. R. Civ. P. 12(b)(6) motion to dismiss obviously must be read in light of Fed. R. Civ. P. 8(a)(2), which requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]"  Thus, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. V. Twombly*, 127 S,.Ct. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  There is no "probability requirement at the pleading stage," *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, but "something beyond ... mere possibility ... must be alleged," *id*. at 1966.  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id*. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face," *id*. at 1274. [1]

Further, as cited by the plaintiff in her opposition, the Supreme Court in *Skierkiewicz v. Sorema*, 534 U.S. 506, (2002)(internal citations omitted), made it clear that in employment discrimination cases, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief" (rec. doc. 20).  There is no heightened pleading standard for employment discrimination suits. *Skierkiewicz,* 534 U.S. at 515.   The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues to dispose of unmeritorious

---

[1] The Court referred to this newly-clarified standard as "the plausibility standard."  *id*. at 1968 (abandoning the "no set of facts" language from *Conley v. Gibson*).

claims. *Skierkiewicz,* 534 U.S. at 513, citations omitted.  Defendant's motion to dismiss confuses the pleading requirement under Rule 8(a) and *Skierkiewicz v. Sorema* with plaintiff's obligation to introduce evidence to prove her claims in opposition to a properly supported motion for summary judgment or at trial.  Plaintiff does not have an obligation to present evidence or proof of her claim in her complaint.  Plaintiff's supplemental and amended complaint puts defendant on notice of her claims and identifies the specific dates and parties involved.  Plaintiff's supplemental and amended complaint satisfies the standard required by Rule 8 and *Skierkiewicz v. Sorema,* and defendant can obtain further information regarding documents, expert witnesses, etc. through the liberal discovery process.

**IT IS THE RECOMMENDATION** of the court that the defendant's motion to dismiss amended complaint, or in the alternative, motion for more definite statement (rec. doc. 15) be **DENIED.**

Signed in Baton Rouge, Louisiana, on July 29, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KANISHA A. JIMISON**  **CIVIL ACTION**

**VERSUS**  **NUMBER 07-370-RET-DLD**

**STATE OF LOUISIANA DEPARTMENT OF EDUCATION SPECIAL SCHOOL DISTRICT**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 29, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**